UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| THOMAS E. PEREZ, | ) | |
| Secretary of Labor, | ) | FILE NO. |
| United States Department of Labor, | ) | |
| | ) | 2:16-cv-1146-CWH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LA HACIENDA MEXICAN GRILL, INC., | ) | |
| LA HACIENDA OF BLUFFTON, INC., | ) | |
| LA HACIENDA OF CHARLESTON VII, INC., | ) | |
| LA HACIENDA OF CHARLESTON, INC., | ) | |
| LA HACIENDA OF GOOSE CREEK, INC., | ) | |
| LA HACIENDA OF HILTON HEAD, INC., | ) | |
| LA HACIENDA OF MOUNT PLEASANT, INC., | ) | |
| LA HACIENDA RESTAURANTE MEXICANO | ) | |
| OF CHARLESTON VI, INC., LA HACIENDA | ) | |
| RESTAURANTE MEXICANO OF | ) | |
| CHARLESTON II, INC., LA HACIENDA | ) | |
| RESTAURANTE MEXICANO OF | ) | |
| CHARLESTON IV, INC., LOS JALAPENOS, | ) | |
| INC., MARGARITAS MEXICAN RESTAURANT | ) | |
| OF SUMMERVILLE, INC., POBLANOS | ) | |
| MEXICAN CUISINE, INC., ANTONIO AYALA, | ) | |
| an individual, and JAIME TINOCO, an individual, | ) | |
| | ) | **C O M P L A I N T** |
| Defendants. | ) | **(Injunctive Relief Sought)** |

Plaintiff brings this action pursuant to § 17 of the Act, 29 U.S.C. § 217, to have

La Hacienda Mexican Grill, Inc., La Hacienda of Bluffton, Inc., La Hacienda of Charleston VII,

Inc., La Hacienda of Charleston, Inc., La Hacienda of Goose Creek, Inc., La Hacienda of Hilton

Head, Inc., La Hacienda of Mount Pleasant, Inc., La Hacienda Restaurante Mexicano of

Charleston VI, Inc., La Hacienda Restaurante Mexicano of Charleston II, Inc., La Hacienda

Restaurante Mexicano of Charleston IV, Inc., Los Jalapenos, Inc., Margaritas Mexican

Restaurant  of Summerville, Inc., Poblanos Mexican Cuisine, Inc. (collectively, "the

Restaurants"); Antonio Ayala, an individual; and Jaime Tinoco, an individual (collectively

"Defendants") enjoined from violating the provisions of §§ 6, 7, 11(c), 15(a)(2), and 15(a)(5) of

the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. (hereinafter "the

Act"); and pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid minimum wage

and overtime compensation, together with an equal amount as liquidated damages.

I

This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act, 29

U.S.C. § 217, to enjoin violations of the Act and to restrain the withholding of back wages due

under the Act; and by 28 U.S.C. § 1345 to award additional amounts equal to back wages due as

liquidated damages under § 16(c) of the Act, 29 U.S.C § 216(c).

II

A.    Defendant, La Hacienda Mexican Grill, Inc., at all times hereinafter

mentioned, has been a corporation having a place of business and doing business at 354 King

Street, N. Charleston, South Carolina, in Charleston County, South Carolina.

B.    Defendant, La Hacienda of Bluffton, Inc., at all times hereinafter

mentioned, has been a corporation having a place of business and doing business at 25 Bluffton

Road, #613, Bluffton, South Carolina, in Beaufort County, South Carolina.

C.    Defendant, La Hacienda of Charleston VII, Inc., at all times hereinafter

mentioned, has been a corporation having a place of business and doing business at 5070

International Blvd., N. Charleston, South Carolina, in Charleston County, South Carolina.

2

D.      Defendant, La Hacienda of Charleston, Inc., at all times hereinafter mentioned, has been a corporation having a place of business and doing business at 6322 Rivers Avenue, N. Charleston, South Carolina, in Charleston County, South Carolina.

E.      Defendant, La Hacienda of Goose Creek, Inc., at all times hereinafter mentioned, has been a corporation having a place of business and doing business at 205 N. Goose Creek Blvd., #B12, Goose Creek, South Carolina, in Berkeley County, South Carolina.

F.      Defendant, La Hacienda of Hilton Head, Inc., at all times hereinafter mentioned, has been a corporation having a place of business and doing business at 11 Palmetto Bay Road, #106, Hilton Head Island, South Carolina, in Beaufort County, South Carolina.

G.      Defendant, La Hacienda of Mount Pleasant, Inc., at all times hereinafter mentioned, has been a corporation having a place of business and doing business at 3050 S. Morgan Point Road, Mt. Pleasant, South Carolina, in Charleston County, South Carolina.

H.      Defendant, La Hacienda Restaurante Mexicano of Charleston VI, Inc., at all times hereinafter mentioned, has been a corporation having a place of business and doing business at 1035 Johnnie Dodds Blvd., Mt. Pleasant, South Carolina, in Charleston County, South Carolina.

I.      Defendant, La Hacienda Restaurante Mexicano of Charleston II, Inc., at all times hereinafter mentioned, has been a corporation having a place of business and doing business at 8530 Dorchester Road, #106, N. Charleston, South Carolina, in Charleston County, South Carolina.

J.      Defendant, La Hacienda Restaurante Mexicano of Charleston IV, Inc., at all times hereinafter mentioned, has been a corporation having a place of business and doing

business at 1205 N. Main St., #3, Summerville, South Carolina, in Dorchester County, South

Carolina.

K.     Defendant, Los Jalapenos Mexican Grill, Inc., at all times hereinafter

mentioned, has been a corporation having a place of business and doing business at 1540 Fording

Island Rd., Hilton Head Island, South Carolina, in Beaufort County, South Carolina.

L.     Defendant, Margaritas Mexican Restaurant of Summerville, Inc., at all

times hereinafter mentioned, has been a corporation having a place of business and doing

business at 223 N. Main St., Summerville, South Carolina, in Dorchester County, South

Carolina.

M.     Defendant, Poblanos Mexican Cuisine, Inc., at all times hereinafter

mentioned, has been a corporation having a place of business and doing business at 7575 N.

Rivers Ave., N. Charleston, South Carolina, in Charleston, South Carolina.

N.     Defendant, Antonio Ayala, at all times hereinafter mentioned acted

directly or indirectly in the interest of the each of the Restaurants in relation to their respective

employees, and therefore is an employer within the meaning of § 3(d) of the Act, 29 U.S.C.

§ 203(d).

O.     Defendant, Jaime Tinoco, at all times hereinafter mentioned acted directly

or indirectly in the interest of the La Hacienda of Charleston VII, Inc., La Hacienda of Bluffton,

Inc., Poblanos Mexican Cuisine, Inc., La Hacienda of Hilton Head, Inc., La Hacienda Restaurant

Mexican Charleston II, Inc., La Hacienda Mexican Grill, Inc., and Los Jalapenos, Inc., and in

relation to their employees, and therefore is an employer within the meaning of § 3(d) of the Act,

29 U.S.C. § 203(d).

III

At all times hereinafter mentioned:

A.     Defendants engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

B.     Such enterprise, which employed employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce and had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

IV

Since August 7, 2011, Defendants repeatedly and willfully violated the provisions of §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay employees employed in an enterprise engaged in commerce or in the production of goods for commerce, including servers, cooks, dishwashers, and runners, the applicable minimum hourly rates as a result of failing to pay such employees for all hours worked, paying a flat rate that did not compensate them at least minimum wage for all hours worked, and/or requiring employees to purchase their own uniforms.  Additionally, the employers failed to pay some tipped employees at least $2.13 per hour pursuant to 29 U.S.C. § 203(m).

V

Since August 7, 2011, Defendants repeatedly and willfully violated the provisions

of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an

enterprise engaged in commerce or in the production of goods for commerce, such as severs,

cooks, dishwashers, and runners, for workweeks longer than 40 hours without compensating

such employees for their employment in excess of such hours at rates not less than one and one-

half times the regular rates at which they were employed.

VI

Since August 7, 2011, Defendants, employers  subject to the provisions of the

Act, repeatedly and willfully violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29

U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make,

keep and preserve adequate and accurate records of the persons employed and of the wages,

hours and other conditions and practices of employment maintained by them, as prescribed in the

aforesaid Regulations.

VII

WHEREFORE, cause having been shown, Plaintiff prays for Judgment:

A.      Pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining

Defendants, their agents, servants, employees and all persons in active concert or participation

with them from violating the provisions of §§ 6, 7, and 11 of the Act;

B.      Pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages

for a period of 3 years prior to the commencement of this action and an additional equal amount

as liquidated damages to employees (as named in Appendix "A" attached hereto and made a part

hereof and such other employees as hereafter may be identified and named prior to or at trial);

C.      And for such other and further relief as may be necessary and appropriate

including costs of this action.

Respectfully submitted,

WILLIAM N.  NETTLES                          M. PATRICIA SMITH
UNITED STATES ATTORNEY                       Solicitor of Labor

s/BARBARA M. BOWENS (FED ID #4004)           STANLEY E. KEEN
Assistant U.S. Attorney                      Regional Solicitor
First Union Building
1441 Main Street, Suite 500                  ROBERT L. WALTER
Columbia, SC  29201                          Counsel
Telephone:  803-929-3000
Facsimile:  803-254-2912                     MONICA R. MOUKALIF
E-mail:  barbara.bowens@usdoj.gov            Trial Attorney

Attorneys for Plaintiff, Thomas E. Perez,    Office of the Solicitor
Secretary of Labor, U.S. Department of Labor U.S. Department of Labor
                                             61 Forsyth Street, SW, Room 7T10
                                             Atlanta, GA  30303
                                             Telephone:  404-302 5465
                                             Facsimile:  404-302 5438
                                             E-mail:  moukalif.monica.r@dol.gov
                                                      ATL.Fedcourt@dol.gov

SOL Case No. 16-00063